## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

John Howard Joynt

v.

Board of Zoning Appeals
for the City of Alexandria et al.

July 21, 1982

Case No. (Law) 7314

By JUDGE ALBERT H. GRENADIER

The defendant Board of Zoning Appeals for the City of Alexandria has moved to quash the interrogatories and request for production of documents filed by the plaintiff. The Board alleges that Rule 4:0 of the Rules of the Supreme Court of Virginia is not applicable to appeals under § 15.1-497 of the Code of Virginia. The Board also states that even if Part Four of the Rules of Court is applicable, the individual members of the Board do not have to respond, and any officer or agent of the Board may.

This proceeding is a petition for a writ of certiorari under § 15.1-497 of the Code of Virginia. It is not a trial *de novo* in the strict sense of the term. The Court must decide on the basis of the record of the proceedings before the Board whether the power and discretion of the Board has been properly exercised. However, the Court may take evidence if such evidence is necessary for the proper disposition of the matter.

It is the opinion of the Court that with respect to those items that were a matter of record of the proceedings before the Board discovery should not be permitted. In the event the City intends to present

additional evidence, the Court believes that the scope of Rule 4:0 is sufficiently broad to permit discovery with respect to that evidence. Such interrogatories and requests for production of documents as fall into this latter category may be answered by the Board through any officer or agent. The individual members of the Board will not be required to respond to the interrogatories or request for production.

It is the Court's recollection that some of the proceedings before the Board were inadvertently not recorded. Can the parties agree upon the content of that part of the record? If not, can the parties offer any suggestion as to how to effect a resolution of this problem? This question must be resolved as promptly as possible.